## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MATTHEW JUSTIN PITTARD**
         **Plaintiff,**

                                        **Case No.: 22-CV-2036**

**v.**

**U.S. DEPARTMENT OF STATE**
         **Defendant,**

## COMPLAINT

NOW COMES Plaintiff Matthew Justin Pittard, by and through counsel, and pursuant to Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, moves the Court to enjoin defendant from improper withholding from Plaintiff certain agency created records of the United States Department of State within possession and control of the same government entity. In support of this complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over all counts of this complaint pursuant to 5 U.S.C. § 522(a)(4)(B). Venue is proper pursuant to 5 U.S.C. § 522(a)(4)(B) as Plaintiff resides in the Middle District of Florida.

## FACTS

1.     Matthew Justin Pittard is a resident of the state of Florida

2.     The U.S. Department of State (the "Department of State") is an agency within the meaning of 5 U.S.C. § 522(f)(1).

1

3.   Plaintiff's requested information constitutes a valid record within the meaning of 5 U.S.C. § 522(f)(2).

4.   Defendant is in possession and/or control of the agency records as requested by Plaintiff and alleged in the Complaint. These agency records are the subject matter of this action.

## COUNT ONE: FREEDOM OF INFORMATION

## REQUEST OF AUGUST 12, 2019

5.   On February 11, 2019, Plaintiff emailed the American Citizen Services ("ACS") unit at the Doha Embassy in Doha, Qatar, and requested the contact information for an ACS employee at the Embassy. **Exhibit A**.

6.   On April 22, 2019, Plaintiff sent a follow-up email requesting the same information. **Exhibit B**.

7.   On May 9, 2019, Plaintiff sent another follow-up email requesting the same information concerning the name and contract information of an ACS employee connected to the underlying incident involving Plaintiff. **Exhibit C**.

8.   On June 4, 2019, Plaintiff's private investigator emailed ACS Doha to request documentation and facts related to the incident involving Plaintiff. **Exhibit D**. On June 17, 2019, ACS Doha responded to the email and informed the private investigator that third-party release written consent was required before releasing the requested information to the investigator. **Exhibit D**.

9.   On July 11, 2019, counsel for Plaintiff sent to ACS Doha the signed request and authorization for information related to Plaintiff. **Exhibit E**.

10.  On July 25, 2019, the Department of State responded to counsel's July 11, 2019, email and informed counsel that she must submit a proper FOIA request. **Exhibit F**.

11.  On August 12, 2019, counsel for Plaintiff requested information about Plaintiff pursuant to a formal FOIA request. **Exhibit G**.

12.  On August 14, 2019 the Department of State acknowledged counsel's request in a response which included the FOIA tracking number F-2019-08718. **Exhibit H**. The Department of State determined that the request fell under "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)–(iii) and extended the time limit beyond the ten (10) additional days provided by the statute. **Exhibit H**.

13.  On October 18, 2019, the Department of State responded to counsel's request for an estimated date of completion. The Department of State determined the estimated completion date to be June 30, 2021. **Exhibit I**.

14.  On November 14, 2019, counsel for Plaintiff sent a formal request to the Appeals Review Panel for the Department of State to review the Department of State's unreasonable and substantial delay involving the June 30, 2021 estimated completion date. **Exhibit J**.

15. On October 1, 2021, the Department of State responded to counsel's request for update; the Department of State had not completed the request and created an additional case number to obtain records from the Office of Diplomatic Security. **Exhibit K**.

16. As of the date of filing this complaint, **three (3) years** have passed since Plaintiff initially requested contact information from ACS Doha.

17. As of the date of filing this complaint, **over thirty-two (32) months** have passed since counsel filed the FOIA request.

18. As of the date of filing this complaint, **eleven (11) months** have passed beyond the estimated completion date of June 30, 2021.

19. Defendant has denied Plaintiff Pittard's statutory right under 5 U.S.C. 522 §(a)(1) to the requested records and information.

20. Plaintiff's request is not within the scope of any FOIA exemptions or exclusions.

21. The Defendant's failure to make the requested documents available to the Plaintiff violates FOIA. The period of delay is substantial and unreasonable in light of the requested information.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, for the reasons stated above, Plaintiff Matthew Pittard, by and through undersigned counsel, respectfully asks this Court:

(1)    ORDER defendant to provide Plaintiff with the requested information;

(2)     Expedite this proceeding provided for and pursuant to 28 U.S.C. §

1657;

(3)     Award costs and reasonable attorney's fees incurred in litigating this

case; and

(4)     Issue any and all other relief to the Plaintiff it deems proper and just.

Respectfully submitted,

*/s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N Armenia Ave.
Tampa, FL 33609-1703
Tel: (813)694-7780

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on September 2, 2022, with the Clerk of the Court using the CM/ECF system.

By:  */s/ Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
Rebecca@CastLF.com
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, Florida 33609-1703
Tel: (813)694-7780