UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW JUSTIN PITTARD,

*Plaintiff*,

v.

U.S. DEPARTMENT OF STATE,

*Defendant*.

Case No. 8:22-cv-02036-TPB-MRM

## ANSWER

Defendant, the United States Department of State ("Department"), by and through undersigned counsel, hereby submits this Answer to the Complaint.

## COMPLAINT[1]

The first unnumbered paragraph at the beginning of the Complaint consists of Plaintiff's characterization of the present action, to which no response is required. To the extent a response is required, Defendant admits

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

that Plaintiff brings this action against Defendant to compel compliance under the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 522.

## JURISDICTION AND VENUE

The second unnumbered paragraph sets forth legal conclusions regarding jurisdiction and venue, to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA, and that venue is proper in this judicial district.

## FACTS

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.

2. Defendant admits that the Department is an agency of the United States Government.

3. The allegation contained in paragraph 3 is a legal conclusion to which no response is required.

4. The allegations contained in paragraph 4 are legal conclusions to which no response is required.

## **COUNT ONE: FREEDOM OF INFORMATION REQUEST OF**

## **AUGUST 12, 2019**

5. Defendant admits that on February 11, 2019, an email from Matthew Pittard was sent to the email address ACSDoha@state.gov in which the sender sought contact information for someone alleged to be an ACS employee. Defendant respectfully refers the Court to the correspondence filed with the Complaint and referenced in this paragraph for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

6. Defendant admits that on April 22, 2019, an email from Matthew Pittard was sent to the email address ACSDoha@state.gov in which the sender sought the name and contact information for someone alleged to be an ACS employee. Defendant respectfully refers the Court to the correspondence filed with the Complaint and referenced in this paragraph for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

7. Defendant admits that on May 9, 2019, an email from Matthew Pittard was sent to the email address ACSDoha@state.gov. Defendant respectfully refers the Court to the correspondence filed with the Complaint and

referenced in this paragraph for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

8. Defendant admits that on June 4, 2019, an email from Scott Schoonover was sent to ACSDoha@state.gov in which the sender requested information related to "events surrounding some Americans that were kidnapped and an attempted kidnapping, in July 2018, related to Sheikh Khalid bin Hamad bin Khalifa Al Thani." Defendant further admits that on June 17, 2019, the American Citizen Services unit of the U.S. Embassy in Doha, Qatar, sent an email to Scott Schoonover instructing him that U.S. law requires that written consent be obtained before releasing any information about U.S. citizens over the age of 18 to third parties. Defendant respectfully refers the Court to the correspondence filed with the Complaint and referenced in this paragraph for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

9. Defendant admits that on July 11, 2019, correspondence from The Castaneda Law Firm PLLC was sent to acsdoha@state.gov that purported to attach "a signed request and authorization for information related to Matthew Pittard and events that occurred in Doha, Qatar in July of 2018." Defendant respectfully refers the Court to the correspondence filed with the Complaint and

referenced in this paragraph and for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

10. Defendant admits that on July 25, 2019, the U.S. Department of State, Bureau of Consular Affairs, Office of Legal Affairs sent an email to Rebecca Castaneda stating that "[w]ith respect to a request for records pertaining to an individual other than your client, this would normally be a FOIA request, but you may also submit a properly authorized third party request (with the result of being treated as a first party for processing purposes) under the Privacy Act." Defendant respectfully refers the Court to the correspondence filed with the Complaint and referenced in this paragraph for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

11. Defendant admits that on August 12, 2019, the U.S. Department of State, Office of Information Programs and Services, received a FOIA request submitted by Rebecca Castaneda that sought records related to "Matthew Justin Pittard and the events that occurred in Doha, Qatar around June and July of 2018." Defendant respectfully refers the Court to that request for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

12. Admitted.

13. Admitted.

14. Defendant admits only that it received a letter from Rebecca Castaneda dated November 14, 2019 concerning the Plaintiff's FOIA request. Defendant denies the remaining allegations.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Admitted.

18. Denied.

19. The allegation contained in paragraph 19 is a legal conclusion to which no response is required.

20. The allegation contained in paragraph 20 is a legal conclusion to which no response is required.

21. The allegations contained in paragraph 22 are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint, starting with "WHEREFORE," consists of Plaintiff's requests for relief, to which no response is required. Should

a response be deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Answer refers to external documents, statutes, or other sources for their accurate and complete contents, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  *See* 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney


By: *s/E. Kenneth Stegeby*
     E. KENNETH STEGEBY
     Assistant United States Attorney
     United States Attorney's Office
     Middle District of Florida
     400 North Tampa Street, Suite 3200
     Tampa, FL 33602
     Tel.: 813.274.6000
     Fax: 813.274.6198
     E-mail: Kenneth.Stegeby@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice electronically to:

Rebecca L. Castaneda, Esq.
*Plaintiff's Counsel*

                                 *s/E. Kenneth Stegeby*
                                 E. KENNETH STEGEBY
                                 Assistant United States Attorney