UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW JUSTIN PITTARD,

*Plaintiff*,

v.

U.S. DEPARTMENT OF STATE,

*Defendant*.

Case No. 8:22-cv-02036-TPB-MRM

DEFENDANT'S RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE

The U.S. Department of State (the "Department" or Defendant) respectfully submits this response to the Court's February 22, 2023 Order to Show Cause [Dkt. 16], in which the Court ordered Defendant to produce "an unredacted version of the public records that has been provided as well as to produce all other public records that plaintiff has requested but have not yet been produced." *Id*.

The public-domain doctrine may eliminate the protection that the Freedom of Information Act ("FOIA") provides for certain documents, but only if an agency has "'disclosed and preserved [them] in a permanent public record.'" *Broward Bulldog, Inc. v. U.S. Department of Just.*, 939 F.3d 1164, 1185 (11th Cir. 2019) (quoting *Sellers v. U.S. Department of Just.*, 684 F. Supp. 2d 149, 162 (D.D.C. 2010) (quoting *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999)).

Before any public documents will be produced, "a requester must establish 'that the information sought is truly public and that the requester [will] receive no more than what is publicly available.'" *Broward Bulldog, Inc.*, 939 F.3d at 1185 (quoting *Students Against Genocide v. U.S. Department of State*, 257 F.3d 828, 836 (D.C. Cir. 2001)); *see also Wolf v. Central Intelligence Agency*, 473 F.3d 370, 378 (D.C. Cir. 2007) ("Prior disclosure of similar information does not suffice; instead the specific information sought by the plaintiff must already be in the public domain by official disclosure."). If a plaintiff fails to establish that the same information sought has been made public, the redaction will sstand. *See id.* (citing *Davis v. U.S. Department of Justice*, 968 F.2d 1276, 1279–80 (D.C. Cir. 1992)). Plaintiff here has not shown that the redacted documents he is seeking has already been permanently published by Defendant in the public domain. Accordingly, the redactions made by Defendant under the FOIA to protect the privacy of third-parties were properly made and should not be produced to Plaintiff without any official consent forms signed by the third-parties whose privacy has been protected through the redactions.

Defendant previously produced 20 documents to Plaintiff in response to the Freedom of Information Act ("FOIA") request that is the subject of this litigation. All of the records produced by Defendant are agency records. The 20 documents do not include any public records.

Defendant properly withheld certain personal privacy information in those records pursuant to FOIA Exemption (b)(6). *See* 5 U.S.C. § 552(b)(6). Exemption (b)(6) allows a federal agency to withhold information about third-party individuals

2

in "personnel and medical files and similar files" if the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  In *United States Department of State v. Washington Post Co.*, 456 U.S. 595 (1982), the U.S. Supreme Court reviewed the legislative history of FOIA Exemption (b)(6) and determined that Congress intended that the term "similar files" should be interpreted broadly rather than narrowly.  *See id.*, at 599-603 (citing H.R. Rep. No. 89-1497, at 11 (1966); S. Rep. No. 89-813, at 9 (1965); S. Rep. No. 88-1219, at 14 (1964)).

The Supreme Court has made clear that all information that "applies to a particular individual" meets the threshold requirement for Exemption 6 protection:

> In sum, we do not think that Congress meant to limit Exemption 6 to a narrow class of files containing only a discrete kind of personal information. Rather, [t]he exemption [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual.

*Id.*, at 602 (citation omitted).  This threshold is met if the information applies to any particular, identifiable individual because a personal privacy interest exists in such information.

Here, the records produced in response to Plaintiff's FOIA request are largely letters and email communications between and among Plaintiff, Plaintiff's attorney, certain investigators working for or with plaintiff, and certain Department employees.  The only information withheld in these records was withheld pursuant to FOIA Exemption (b)(6) because it is primarily the names and contact information of Department employees, as well as certain third-party individuals.  Release of this

3

information could subject these individuals to unsolicited attention or harassing inquiries and would shed no light on the conduct of U.S. Government business.  As a result, release of the information would constitute an unwarranted invasion of personal privacy and it is exempt from disclosure under FOIA Exemption (b)(6). These are the only withholdings in the records produced in response to Plaintiff's FOIA request. No substantive information in the records was withheld.

    Defendant is continuing to search for any additional records that may be responsive to Plaintiff's FOIA request but does not anticipate that any additional potentially responsive records will constitute public records.  The processing of the request is near completion, and it is anticipated that it will be complete within 60 days.  If, upon completion of processing, Plaintiff wishes to discuss any of the Department's withholdings, Defendant would be pleased to engage in discussions with Plaintiff at that time.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By: *s/E. Kenneth Stegeby*
    E. KENNETH STEGEBY
    Assistant United States Attorney
    United States Attorney's Office
    Middle District of Florida
    400 North Tampa Street, Suite 3200
    Tampa, FL 33602
    Tel.: 813.274.6000
    Fax: 813.274.6198
    E-mail: Kenneth.Stegeby@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 9, 2023, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice electronically to:

  Rebecca L. Castaneda, Esq.
  *Plaintiff's Counsel*

            *s/E. Kenneth Stegeby*
            E. KENNETH STEGEBY
            Assistant United States Attorney