UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW JUSTIN PITTARD
        Plaintiff,

                        Case No.: 8:22-cv-02036-TPB-MRM

v.

U.S. DEPARTMENT OF STATE
        Defendant,

**PLAINTIFF'S FIRST MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS**

    NOW COMES, Plaintiff, Matthew Justin Pittard, by and through counsel, and pursuant to Fed. R. Civ. P. 7(b) and Local Rule 3.01, files his Motion to Compel Compliance with the FOIA and produce documents in accordance with this Honorable Court's February 22, 2023, show cause order. The United States has failed to properly show cause as to why Mr. Pittard's request for relief cannot be granted and continues to persist in its violations of the Freedom of Information Act. In support thereof, Mr. Pittard states as follow:

1. On September 2, 2022, Mr. Pittard filed a Freedom of Information Act Complaint against the Department of State. [ECF No. 1]

2. The United States was served on October 11, 2022. [ECF No. 11]

3. The United States filed its answer affirming Mr. Pittard's Complaint. [ECF No. 12]

4. This Honorable Court held a Case Management Conference on February 22,

1

2023. [ECF No. 13, 15, 18]

5. At the Case Management Conference, the United States failed to appear. This Honorable Court granted Mr. Pittard's oral motion to compel the disclosure of unredacted versions of documents that were provided to Mr. Pittard by the Department of State on September 26, 2023, and ordered the disclosure of other documents responsive to Mr. Pittard's request that have not yet been produced. [ECF No. 16]

6. This Honorable Court also issued a Show Cause order as to why the United States has not provided an unredacted version of the public records as well as produced all other records which have been requested. [ECF No. 17]

7. On March 9, 2023, the United States filed a response to this Honorable Court's Show Cause order that fails to satisfy the statutory requirements of FOIA and is also factually inaccurate. [ECF No. 18]

## THE FREEDOM OF INFORMATION ACT

8. Federal agencies, such as the Department of Justice, are required under FOIA to release agency records to the public unless a valid statutory exemption applies. 5 U.S.C. § 552(a)(3)(A).

9. When Congress created FOIA, it intended it to be "a broad disclosure statute which evidences a strong public policy in favor of public access to information in the possession of federal agencies." *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1190 (11th Cir. 2007) (citation and quotation marks omitted).

10. Records are "agency records" under FOIA if the agency created or obtained

them and the agency controlled them at the time requested. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989)

11. If an agency either fails to respond within the statutory period or fails to provide the complete set of records requested, the requestor "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

12. While FOIA permits the requestor to file suit immediately upon exhaustion of administrative remedies, it also requires agencies to establish an administrative appeals procedure. 5 U.S.C. § 552(a)(6)(A)(i)(I)(aa).

13. FOIA confers upon this Court jurisdiction to review, *de novo,* an agency's failure to provide requested records and to order the production of any records improperly withheld from the requester.

14. FOIA permits this Court to assess reasonable attorney's fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. § 552(a)(4)(E).

15. A federal agency must respond to a request for documents pursuant to 5 U.S.C. § 552(a)(6)(A)(i) within twenty (20) business days. Under certain circumstances, the twenty-day period may be extended an additional ten (10) business days.

## FACTUAL INACCURACY OF DOCMENTS PRODUCED IN RESPONSE TO FOIA REQUEST

16. Mr. Pittard challenges the United States' factual summary of the documents provided to his FOIA request.

17. In it's response to this Honorable Court, the United States alleges it previously provided **20** documents to Plaintiff in response to Mr. Pittard's FOIA request that is the subject of this litigation. [ECF No. 19, p. 2, ¶ 2] However, Mr. Pittard has received **16** documents in response to his requests. Further, to be clear, Mr. Pittard did not receive *any* responsive request to his numerous FOIA requests until *after* this litigation commenced. Mr. Pittard respectfully requests that this Honorable Court order the re-production of documents responsive to his request as Mr. Pittard has no way of knowing which four documents are missing from his request.

18. Further, the United States' states that, "the records produced in response to Plaintiff's FOIA request are largely letters and email communications between and among Plaintiff, Plaintiff's attorney, certain investigators working for or with plaintiff, and certain Department employees." [ECF No. 19, p. 3, ¶ 3]

19. This is factually inaccurate. There are no letters or email communications between and among Plaintiff, Plaintiff's attorney, and certain investigators working for or with plaintiff contained within the United States' response to Mr. Pittard's FOIA request.

## CHALLENGE TO REDACTION EXEMPTION

20. Second, the United States argues the information redacted from the records responsive to Mr. Pittard's request are properly redacted pursuant to b(6) because it contains the contact information of names and contact information of

4

Department of State employees, as well as certain third-party individuals, and that its release could subject these individuals to unsolicited attention or harassing inquiries and "would shed no light on the conduct of U.S. Government business." [ECF No. 19, p. 4, ¶ 1] It further states that no substantive information in the records was withheld [*Id.*]

21. Mr. Pittard challenges the United States' alleged redaction exemption.

22. The United States' quotes language from 5 U.S.C. § 552(b)(6) that simply does not exist.

23. FOIA Exemption b(6) allows the redaction of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

24. The documents the United States has thus far provided, *post initial filing* of Mr. Pittard's complaint, do not contain personnel or medical files or similar files. They largely consist of email communications surrounding the kidnapping of United States citizen Ramez Tohme by Sheikh Khalid bin Kalifa Al Thani and Mr. Pittard's efforts to rescue Mr. Tohme.

25. The statutory language the United States seeks to apply does not exist in b(6) nor would the correct language of b(6) apply.

26. Further, the redaction of the identity of individuals would appear as short blocks, such as:

▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮

27. Redacted contact information or the information about third-parties would be

redacted in the "To" and "From" email address blocks as well as in sections of email signatures at the conclusion of emails. It may also be redacted in the substance of an email, appearing as one short block or two short blocks, as noted above.

28. However, the information redacted in Mr. Pittard's request goes beyond just the redaction of personal identity information. The entirety of bodies of emails are redacted; these emails show "To" and "From" lines before the redacted body of the email as well as redacted signature lines in the signature block after the redacted substantive email. Additionally, there are several pages that have portions of the substance of an email redacted; these emails also show "To" and "From" lines before the redacted substantive portions as well as the redacted signature lines in the signature block. In at least one instance, the word "Summary:" is shown before the substance of an email is redacted; this email also shows a "To" and "From" line before the redacted portion.

29. The United States' assertion that "no substantive information in the records was withheld" is factually inaccurate and disingenuous. [ECF No. 19, p. 4, ¶ 1]

## FAILURE TO COMPLY WITH STATUTORY DEADLINE

30. Third, the United States confirms that its continuing to search for additional records that may be responsive to Plaintiff's FOIA request but does not anticipate that any additional potentially responsive records will constitute public records. [ECF No. 19, p. 4, ¶ 2] The United States believe the processing of the request is near completion and anticipates that it will be

complete within 60 days.

31. Approximately three and a half years (41 months) have elapsed since Mr. Pittard submitted his FOIA request, thus, the Department of Justice has improperly withheld responsive records/documents from him.

32. The United States offers no response as to why it may violate the procedurally required timeline of twenty business days (possibly 30 business days in some circumstances) to respond to Mr. Pittard's FOIA request. There is no statutory mechanism for which the United States may act on its own timeline. This alone requires relief for which Mr. Pittard requests.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Pittard prays that this Honorable Court will grant the following relief and any other such relief that the Court deems just and proper:

(1) Declare the United States' failure to comply with FOIA to be unlawful;

(2) Order the United States to immediately process Mr. Pittard's FOIA request;

(3) Order the United States to produce unredacted versions of the documents thus far provided;

(4) Order the United States to produce remaining documents response to Mr. Pittard's request including the four documents the United States alleges to have produced;

(5) Grant Mr. Pittard an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. 552(a)(4)(E);

(6) Expedite this proceeding provided for and pursuant to 28 U.S.C. § 1657;

7

(7) and, Issue any and all other relief to the Plaintiff it deems proper and just.

## LOCAL RULE 3.01(g) CERTIFICATION

(8) Pursuant to Local Rule 3.01(g) Counsel for Mr. Pittard has conferred with counsel for the United States, AUSA E. Kenneth Stegeby, regarding the substance of this motion. Counsel was unable to obtain his position.

DATED this 20th day of March 2023.

                                          Respectfully submitted,

                                          */s/ Rebecca L. Castaneda*
                                          Rebecca L. Castaneda
                                          Florida Bar No. 1007926
                                          Rebecca@CastLF.com
                                          The Castaneda Law Firm PLLC
                                          506 N Armenia Ave.
                                          Tampa, FL 33609-1703
                                          Tel: (813)694-7780

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on March 20, 2023, with the Clerk of the Court using the CM/ECF system.

                By:    */s/ Rebecca L. Castaneda*
                        Rebecca L. Castaneda
                        Florida Bar No. 1007926
                        Rebecca@CastLF.com
                        The Castaneda Law Firm PLLC
                        506 N. Armenia Avenue
                        Tampa, Florida 33609-1703
                        Tel: (813)694-7780