UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MATTHEW JUSTIN PITTARD,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Case No. 8:22-cv-02036-TPB-MRM |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant respectfully submits this response to Plaintiff's First Motion to Compel Production of Documents ("Motion") [Dkt. 20].

Plaintiff states that Defendant "has failed to properly show cause as to why Mr. Pittard's request for relief cannot be granted," Motion, p. 1, but the Motion does not provide enough evidence to support that statement. Normally, FOIA cases are resolved by summary judgment, but the description of the documents that Plaintiff offers in the Motion is sufficiently different from the documents Defendant has produced this case that it may be in the interest of both parties to meet and compare the documents they have in their

possession to see if an amicable resolution may be possible. Defendant will explain these differences below.

The Court ordered Defendant to show cause why it had not produced unredacted versions of any responsive public records that it had produced in redacted form, as well as why it had not produced "the remainder of the public records request." *See* Motion, p. ¶ 5; Court's Order to Show Cause ("Order") [Doc. 16]. Defendant filed a response to the Court's Order in which it explained that the 20 documents it was aware of as having been previously produced to Plaintiff were agency records and did not include any public records, nor did it anticipate that any additional responsive records would include public records. *See* Response [Doc. 19], p. 2. As permitted under FOIA, Defendant produced those documents after redacting names, phone numbers and email addresses of Department employees and third parties pursuant to FOIA Exemption (b)(6).

Plaintiff argues that Defendant's response to the Order was inaccurate. *See* Motion, ¶ 7. Specifically, Plaintiff states that Defendant asserts that it has produced 20 documents to Plaintiff, but Plaintiff claims to have only received 16 documents. *See* Motion, ¶ 17. But the information provided by Defendant is accurate to the best of its knowledge. To the extent Plaintiff believes this information does not correspond what Plaintiff received in response to its

FOIA request, Defendant would be pleased to confer with Plaintiff and attempt to resolve any confusion before further burdening the court with this matter.

In addition, Plaintiff challenges Defendant's redactions. *See id.*, ¶¶ 21-29. Because the produced documents are primarily internal State Department emails that contain names and contact information of its employees who do not hold public-facing positions, as well as some third-parties, Defendant's redactions are proper.

Exemption (b)(6) protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "unwarranted" requires the balancing of the privacy interest against the public interest in disclosure. *See NARA v. Favish*, 541 U.S. 157, 171 (2005). Under the FOIA, a public interest in disclosure is limited to information that sheds light on agency action. *See Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).[1] A requester's mere interest in the

---

[1] The court in the *Reporters Committee* case compared the burden of proof of Exemption (b)(7)(C) with Exemption (b)(6) and found that "the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files. . . ," *Id.*, at 756. Nevertheless, the privacy interest of the Department's

information is not relevant to the public interest analysis. *See id*. at 772 n.20. Documents, including agency emails, that contain personally identifiable information ("PII"), including names, phone numbers and email addresses, may broadly be deemed "similar files" for purposes protecting the PII under Exemption (b)(6). *See Wadhwa v. Secretary of the United States Dep't of Veterans Affs.*, 707 F. App'x 61, 64 (3rd Cir. 2017); *National Day Laborer Org. Network v. United States Immigr. & Customs Enf't Agency*, 811 F. Supp. 2d 713, 737 (S.D.N.Y. 2011), amended on reconsideration (Aug. 8, 2011) ("The Supreme Court has interpreted Exemption 6 broadly to encompass 'any detailed Government records on an individual which can be identified as applying to that individual.'").

Agency records that contain PII of a specific person involves strong privacy interests, and Plaintiff has failed to identify any FOIA public interest in disclosure that would outweigh the privacy interest of the Department employees and third-parties in this case. Therefore, in the absence of an identified public interest in the disclosure of this PII, Defendant's assertion of Exemption (b)(6) is appropriate. *See id*. (citing *National Ass'n of Retired Fed.*

---

employees and the third-parties here outweigh Plaintiff's interest in their identity. *See id*., at 773 (noting that when PII does not "shed[] light on an agency's performance of its statutory duties . . . , disclosure of information about private citizens that is accumulated in various governmental files [] reveals little or nothing about an agency's own conduct.").

*Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989) (observing that "something, even a modest privacy interest, outweighs nothing every time.").

The records produced in response to Plaintiff's FOIA request are largely email communications between and among Plaintiff, certain investigators working for or with Plaintiff, and certain Department employees. Release of the names and contact information for the Department employees and third-parties that are the senders and recipients of these communications could subject the individuals to unsolicited attention or harassing inquires for documents and information while not shedding any light on the conduct of U.S. Government business. As a result, Defendant's withholding of this information pursuant to FOIA Exemption (b)(6) was proper.

Plaintiff also states that Defendant's response to the show cause order is factually inaccurate when Defendant states that "'the records produced in response to Plaintiff's FOIA request are largely letters and email communications between and among Plaintiff, Plaintiff's attorney, certain investigators working for or with plaintiff, and certain Department employees.'" Motion, ¶ 18 (citation omitted). Plaintiff states that there are no communications between Plaintiff and Defendant. *See id*., ¶ 19. While Plaintiff is correct that there are no letters in the produced documents, document number 2 of the 20 documents produced to Plaintiff shows an email

5

from Plaintiff to a federal employee within the State Department. This email is found on page 4 of the 47 pages produced. Specifically, plaintiff wrote:

> From: M Pittard
> Sent: Mon, 11 Feb 2019 08:31:38 -0500
> To: ▮▮▮▮▮▮state.gov
> Subject: Establishing Comms
>
> This is Matthew Pittard, I was one of the Americans involved in an Incident where another American was imprisoned in Doha in a palace. Not sure if you remember. I wanted to get your full contact info and set up a call with you. I am having to reconstruct everything as my phones and laptops were taken by one of the Sheikhs. Please contact me at your earliest convenience.
>
> S/F,
>
> Matthew J. Pittard
> ▮▮▮▮▮▮

Documents Produced to Plaintiff, p. 4 of 47. Another email sent by Plaintiff to Defendant was also sent to another federal employee. *See id.*, p. 14 of 47. In particular, in an internal ema▮▮▮▮▮▮▮▮▮▮▮▮ployees, one person forwarded a similar email sent by Plaintiff:

> From: M Pittard [mailto:    .matt.@gmail.com]
> Sent: Monday, February 11, 2019 5:14 PM
> To: ACS DOHA
> Subject: Doha Incident ▮▮▮▮▮▮/Matthew Pittard Followup
>
> I am trying to get contact information for the lady that came out and assisted us in an incident last July in Doha, I believe her name was ▮▮ She is the ACS Chief. Also the RSO Sales his full name and contact information.

  S/F,

  Matthew J. Pittard

*Id.*, p. 39 of 47.  Accordingly, in its response to the Court's Order, Defendant's descriptions of the documents produced and the redactions made are factually correct.

  Plaintiff also asserts that "the redaction of the identity of individuals would appear as short blocks, such as: ▮▮ ▮▮▮."  Motion, ¶ 26.  In addition, Plaintiff claims, "[r]edacted contact information or the information about third-parties would be redacted in the 'To' and 'From' email address blocks as well as in sections of email signatures at the conclusion of emails.  It may also be redacted in the substance of an email, appearing as one short block or two short blocks, as noted above."  *Id.*, ¶ 27.  Finally, Plaintiff contends that:

> [T]he information redacted in Mr. Pittard's request goes beyond just the redaction of personal identity information. The entirety of bodies of emails are redacted; these emails show "To" and "From" lines before the redacted body of the email as well as redacted signature lines in the signature block after the redacted substantive email. Additionally, there are several pages that have portions of the substance of an email redacted; these emails also show "To" and "From" lines before the redacted substantive portions as well as the redacted signature lines in the signature block. In at least one instance, the word "Summary:" is shown before the substance of an email is redacted; this email also shows a "To" and "From" line before the redacted portion.

*Id.*, ¶ 28. This does not describe the documents that, to the best of its knowledge, Defendant understands have been produced in response to Plaintiff's FOIA request. In fact, the documents Plaintiff describes appear to be a different set of documents than Defendant has produced. Unhelpfully, Plaintiff does not provide any descriptions of the documents other than that he has 16 documents whereas Defendant produced 20 documents comprising 47 pages. In addition, Defendant did not redact "blocks" of substantive information in those 20 documents.

Given the rather significant discrepancies between Plaintiff's and Defendant's descriptions of the documents at issue, it would be beneficial for the parties to meet and confer to address the apparent confusion about what documents are at issue. It is possible that the parties will be able to reach an agreement as to which redactions are proper.

Finally, the Court should also deny the Motion because Plaintiff did not comply with Local Rule 3.01(g) before filing the Motion because his counsel did not properly confer with Defendant's counsel. On Sunday March 19, 2023, at 11:55pm, Plaintiff's counsel sent an email to Defendant's counsel that simply said: "I represent Mr. Pittard in Pittard v. USA. I am filing a motion to compel the production of the redacted documents as well as other documents responsive to his FOIA request. Do you object?" The next day, on Monday,

March 20, 2023, at 9:11am, Plaintiff's Motion was filed, which did not give Defendant's counsel time to respond to Plaintiff's email, much less provide an opportunity to meaningfully confer with Plaintiff about his concerns.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion.

                                  Respectfully submitted,

                                  ROGER B. HANDBERG
                                  United States Attorney

By: *s/E. Kenneth Stegeby*
     E. KENNETH STEGEBY
     Assistant United States Attorney
     United States Attorney's Office
     Middle District of Florida
     USAO NO. 112
     400 North Tampa Street, Suite 3200
     Tampa, FL 33602
     Tel.: 813.274.6000
     Fax: 813.274.6198
     E-mail: Kenneth.Stegeby@usdoj.gov

///

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2023, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice electronically to:

Rebecca L. Castaneda, Esq.
*Plaintiff's Counsel*

                                                      *s/E. Kenneth Stegeby*
                                                    E. KENNETH STEGEBY
                                                    Assistant United States Attorney